IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**VIRGIL GREEN, SR.**                                                                 **PLAINTIFF**

v.                                      No. 2:18-cv-111-DPM

**JESSE VESCON HOLLOWELL, JR.,** *et al.*                     **DEFENDANTS**

### ORDER

Was Virgil Green Sr. fired because of his race? Green was the chief of police for Helena-West Helena from July 2015 to April 2017. Mayor Jesse Hollowell fired him, writing that "[d]espite efforts to improve agency performance, our community has not realized a significant reduction in crime nor an improvement in public confidence in the agency." *Doc. 22-2*. Green appealed the decision to the city council, as was his right under Arkansas law and city policy. ARK. CODE ANN. § 14-42-110(a)(1); *Doc. 28-2*. The council rejected Green's appeal in June. Several months later, in September, he filled out and signed an EEOC intake questionnaire asserting that his firing was based on his race. *Doc. 28-1*. Green filed his charge approximately three months later, in December 2017. The mayor, the city council members, and the city seek summary judgment, arguing no timely exhaustion of administrative remedies and the merits. Green contends there are issues for trial. Where there is a genuine dispute about a material fact,

the Court takes Green's view of the record. *Fields v. Shelter Mutual Insurance Company*, 520 F.3d 859, 863 (8th Cir. 2008).

The Court is not persuaded by the defendants' argument about exhaustion. *Patillo v. Sysco Foods of Arkansas, LLC*, 2018 WL 2465770 at *3–*5 (E.D. Ark. 1 June 2018), gathers and applies the precedent and regulations to similar facts. Green made his core claims in his timely questionnaire. The lack of verification was cured by his sworn charge, which he made a few months later.

Green's case, though, fails on the merits. Assuming he's made a *prima facie* case, he has not provided sufficient evidence to support a verdict that the mayor's performance rationale was a pretext for race discrimination. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011) (*en banc*). First, the standard for a comparator who was treated better is strict at the pretext stage. *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 956 (8th Cir. 2012). Robert Gaston, the white person in charge of the landfill, doesn't qualify—he had the same boss, but not the same job or even one that is substantially similar, and the record is silent about how Gaston performed his job. *Ibid.* Second, the city defendants' performance explanation for why Green lost his job has not changed. *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1135 (8th Cir. 2020). Third, Green disputes the correctness of the mayor's perception of poor job performance. Green says his administration solved murder cases quickly and was effective in general. What's

-2-

missing, however, is evidence that the city defendants' poor-performance conclusion was so unrooted in the facts that a jury could reasonably conclude that the firing was racially motivated. *Torgerson*, 643 F.3d at 1047; *Muor v. U.S. Bank National Association*, 716 F.3d 1072, 1076–77 (8th Cir. 2013). Green also says Helena-West Helena, and some council members in particular, did not support his efforts and worked to undermine his performance. He notes that, for the first few months, he wasn't paid as much as he was promised, though his successor was, plus that his firing came out of the blue, with no prior notice of poor performance. The parties have chosen to make a thin record; and the city defendants stand silent about these particulars. Through them, Green has made a case of poorly functioning city government and unfairness, not race discrimination in his firing. *Bharadwaj*, 954 F.3d at 1135. The mayor hired another black man to take Green's place as police chief.

The defendants' motion for summary judgment, Doc. 20, is granted.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 June 2020